**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TROPHY NUT CO.** | ) | **Case No. _____** |
| | ) | |
| **PLAINTIFF,** | ) | **(Judge _____)** |
| | ) | |
| **v.** | ) | |
| | ) | **COMPLAINT FOR** |
| **TROPHY FOODS INC.** | ) | **TRADEMARK INFRINGEMENT** |
| | ) | **AND UNFAIR COMPETITION** |
| **and** | ) | |
| | ) | |
| **TROPHY FOODS CORP.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |

For its Complaint against Defendants Trophy Foods Inc. and Trophy Foods Corp., Plaintiff Trophy Nut Co. ("Trophy") states as follows:

## NATURE OF THE ACTION

1.       This is a civil action for trademark infringement and unfair competition under federal, state and common law.  Trophy brings this action because Defendants Trophy Foods Inc. and Trophy Foods Corp. ("Defendants") have threatened to unlawfully commence business in the United States under a confusingly similar name and trademark in violation of Trophy's rights.  Trophy seeks to enjoin Defendants' acts, to recover damages and Defendants' profits, and to secure other relief, including attorneys' fees and costs.

## THE PARTIES

2.       Plaintiff, Trophy Nut Co., is an Ohio corporation having a principal place of business at 320 N. Second Street, Tipp City, Ohio 45371.

3.     Upon information and belief, Defendant, Trophy Foods Inc., is a Canadian company having a principal place of business at 71 Admiral Blvd., Mississauga, Ontario, L5T 2T1, Canada.

4.     Upon information and belief, Defendant, Trophy Foods Corp., is a newly formed Delaware corporation with a registered agent at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Upon further information and belief, Trophy Foods Corp. is owned and operated by the same individuals associated with Defendant, Trophy Foods Inc., and has been set up with the intent to manufacture and distribute Trophy Foods Inc.'s goods in the United States.

## JURISDICTION AND VENUE

5.     This action arises under the federal Lanham Act, 15 U.S.C. §§ 1051, et seq., and under the related law of the State of Illinois.

6.     This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Trophy's state law claims because those claims are substantially related to Trophy's federal Lanham Act claims.

7.     This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Trophy and Defendants are citizens of different countries and states, namely, Ohio, Canada, and Delaware, respectively, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8.     This Court has personal jurisdiction over Defendants, and venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and (c).  Defendants are doing

business in this District, and a substantial part of the events giving rise to Trophy's claims occurred in this District.

## <u>GENERAL ALLEGATIONS</u>

9.      For approximately 55 years, Trophy has been in the business of processing, packaging, and distributing nuts of various types.   Trophy operates 115,000 square feet of production, distribution, and management facilities in downtown Tipp City, Ohio.   Trophy's business is comprised of private labeling and contract packaging for companies selling products under their own brand names, as well as the packaging and distribution of its own TROPHY brands of nuts and tasty nut products at retail.   Each of these lines of business, individually, comprise approximately 1/3 of Trophy's annual business.

10.      During the past 5 years, Trophy's approximate sales of nuts in the United States alone have averaged about $26 million per year.   Trophy's business is not limited to just the United States, however, and during the same time period, Trophy's international sales have averaged about $2 million per year.

11.      Among its other sales, Trophy has been selling nuts into the New York market for at least 30 years under its TROPHY brand.   By way of example only, Trophy currently sells approximately 40,000 bags of nuts per week into New York City.

12.      Trophy owns the following valid and subsisting U.S. federal registrations for its TROPHY brand (the "TROPHY Marks").   Status copies of these registrations, taken from the U.S. Patent & Trademark Office's online TSDR database are attached hereto as Exhibit A.

| Mark | Goods | Status |
|------|-------|--------|
| TROPHY | (Int'l Class: 29) Dried fruit-based snacks; dried fruits; nut and seed-based snack bars; nut-based snack foods; processed edible seeds; processed nuts; roasted nuts; seasoned nuts; shelled nuts; snack | *Registered*<br>Reg.No. - 4560454<br>Reg. – 07.01.2014<br>First Use - 1959 |

| Mark | Goods | Status |
|---|---|---|
| | mix consisting primarily of processed fruits, processed nuts and/or raisins; snack mix consisting primarily of processed nuts, and also including one or more of the following: seeds, dried or dehydrated fruits, chocolate, candy, sesame sticks, corn-based snack foods; trail mix consisting primarily of processed nuts, and also including one or more of the following: seeds, dried or dehydrated fruits, chocolate, candy; trail mix consisting primarily of processed nuts, seeds, dried fruit and also including chocolate (Int'l Class: 30) Candy; cheese-flavored corn snacks; chocolate; chocolate confections, namely, trail mix consisting primarily of chocolate and also including pretzels, dried fruit, processed nuts and/or seeds; chocolate covered nuts; chocolate covered pretzels; chocolate covered raisins; cinnamon-coated nuts; cookies; corn-based chips; flour-based chips; grain-based chips; grain-based snack foods; multigrain-based snack foods; pretzels; sesame sticks; snack foods, namely, chocolate-based snack foods; sugared nuts; sweetened yogurt covered raisins; wheat-based snack foods; yogurt-covered nuts; yogurt-covered pretzels | |
| TROPHY NUT | (Int'l Class: 29) Nut-based snack foods; processed nuts; roasted nuts; seasoned nuts; shelled nuts | *Registered* Reg.No. – 4447499 Reg. – 12.10.2013 First Use – 1959 |
| TROPHY NUT FLAVOR ADVENTURES | (Int'l Class: 29) Nut-based snack foods; processed nuts; roasted nuts; seasoned nuts; shelled nuts | *Registered* Reg.No. – 4567597 Reg. – 07.15.2014 First Use – 10.02.2013 |
| Trophy Farms ~ All Natural ~ | (Int'l Class: 29) Snack mix consisting primarily of processed fruits, processed nuts and/or raisins | *Registered* Reg.No. – 4213270 Reg. – 09.25.2012 First Use – 01.01.2008 |

| Mark | Goods | Status |
|------|-------|--------|
|  | (Int'l Class: 29) Dried fruit-based snacks; dried fruits; nut and seed-based snack bars; nut-based snack foods; processed edible seeds; processed nuts; roasted nuts; seasoned nuts; shelled nuts; snack mix consisting primarily of processed fruits, processed nuts and/or raisins; snack mix consisting primarily of processed nuts, and also including one or more of the following: seeds, dried or dehydrated fruits, chocolate, candy, sesame sticks, corn-based snack foods; trail mix consisting primarily of processed nuts, and also including one or more of the following: seeds, dried or dehydrated fruits, chocolate, candy; trail mix consisting primarily of processed nuts, seeds, dried fruit and also including chocolate (Int'l Class: 30) Candy; cheese-flavored corn snacks; chocolate; chocolate confections, namely, trail mix consisting primarily of chocolate and also including pretzels, dried fruit, processed nuts and/or seeds; chocolate covered nuts; chocolate covered pretzels; chocolate covered raisins; cinnamon-coated nuts; cookies; corn-based chips; flour-based chips; grain-based chips; grain-based snack foods; multigrain-based snack foods; pretzels; sesame sticks; snack foods, namely, chocolate-based snack foods; sugared nuts; sweetened yogurt covered raisins; wheat-based snack foods; yogurt-covered nuts; yogurt-covered pretzels | *Registered* Reg.No. – 4564291 Reg. – 07.08.2014 First Use - 1959 |

13.     The existence of these valid and subsisting federal trademark registrations constitutes *prima facie* evidence of the ownership and validity of the TROPHY Marks.

14.     Since at least as early as 1959, Trophy has used the trademark, TROPHY, in interstate commerce in connection with nuts in the United States.

15.     Through its continuous use of the TROPHY brand for approximately 55 years, Trophy has built up substantial goodwill in the its TROPHY Marks, and the relevant consumers have come to recognize TROPHY as the source for high-quality, tasty nuts and related snack products.

16.     Upon information and belief, Defendant, Trophy Foods Inc., is in the business of processing, packaging, and distributing nuts and dried fruits of various types.  Upon information and belief, Defendant, Trophy Foods Inc., sells its products under the TROPHY brand.

17.      Upon information and belief, Defendant, Trophy Foods Corp., is a company formed and controlled by Defendant, Trophy Foods Inc., on 7 March 2014 in conjunction with expanding its business, which has historically been largely Canadian, in the United States.

18.     Upon information and belief, Defendants have recently committed $4.637 million toward the development of a manufacturing and distribution facility in Buffalo, New York for the purpose of establishing a United States base of operations for its TROPHY brand.

19.     On 12 November 2012, Trophy received a complaint from a consumer who had purchased a can of TROPHY-branded cashews.  The consumer provided to Trophy the UPC code on the product, and through that piece of information, Trophy determined that the product was Defendants' product.  Trophy forwarded the complaint to Defendant, Trophy Foods Inc., for attention.

20.     In November of 2013, Trophy received a complaint from a consumer with a phone number beginning with the (604) area code.  The (604) area code corresponds to Vancouver, British Columbia (Canada) and the immediate vicinity.  This consumer complained about a TROPHY-branded butter toffee peanut product she had purchased at a Wal-Mart in

Canada. Trophy informed the consumer that it did not sell products into the Canadian market. Upon information and belief, the product was Defendants' product.

21. In January of 2014, Trophy received a complaint from a consumer located in Cambridge, Ontario (Canada). This consumer complained about a TROPHY-branded can of cashews she had purchased at a Wal-Mart in Canada. Trophy informed the consumer that it did not sell products into the Canadian market. Upon information and belief, the product was Defendants' product.

22. On 14 February 2014, Trophy received an inquiry via email from a consumer who identified herself as a resident of Canada. She explained that she was prepared to buy a TROPHY-branded container of almonds but first wanted to know whether the oils used to cook the nuts were organic. Upon information and belief, she was inquiring about Defendants' product.

23. In March of 2014, the President of Defendant, Trophy Foods Inc., contacted Trophy and informed Trophy that his company intended to distribute nuts through the retailer, Aldi, in the United States. In response, Trophy unequivocally informed Defendant's President that Trophy took exception to those plans, stating that it feared consumers in the United States would be confused by the presence of two "Trophy" companies selling nuts and tasty nut snacks in the United States.

24. In May of 2014, while attending the National Confectioners Association's ("NCA") Sweets & Snacks Expo in Chicago, Illinois, Trophy was approached by a buyer from a large, national, big-box retailer. This buyer, seeing that Trophy was at the show representing "Trophy Nut Co.," informed Trophy that he wanted to "stop by and say hi" given that the retailer was now carrying three private-labeled SKU's (items) of Trophy products. Trophy informed this

buyer that it was not selling product of any kind with that retailer. At that point, the buyer realized he had mistaken Trophy for Defendants which, upon information and belief, have begun selling private-labeled nuts with that retailer.

25.     On 22 May 2014, a consumer posted to Trophy's Facebook page an image of a piece of glass next to a can of Defendants' TROPHY-branded cashews with the comment, "i [sic] will no longer be buying trophy nuts."

26.     In July of 2014, Trophy learned that Defendants had registered as an Exhibitor at the Private Label Manufacturers Association ("PLMA") annual trade show in Chicago, Illinois. This show is scheduled to run November 16-18, 2014. Shortly after learning of Defendants' participation in the show, Trophy contacted the PLMA trade show organizers who confirmed to Trophy that 2014 was the first time Defendants had registered as an Exhibitor at the PLMA annual trade show.

27.     Trophy has participated in the PLMA annual trade show as an Exhibitor for more than twenty years.

28.     On 26 August 2014, counsel for Trophy sent a letter to Defendant, Trophy Foods Inc., informing it that Trophy was aware of Defendant's intended participation in the 2014 PLMA trade show, that Trophy was the owner of the TROPHY brand for nuts and related snacks in the United States, and demanding that Defendant not appear at such show under the TROPHY brand.

29.     On 16 September 2014, counsel for Defendant Trophy Foods Inc. responded to Trophy and denied Trophy's assertions. As of the filing date of this Complaint, Defendants have not ceased and desisted from their unlawful conduct.

30.     Also on 16 September 2014, Trophy received a consumer complaint from another consumer located in Canada.  This consumer complained about a TROPHY-branded caramel corn product he had purchased at a Dollar Store in Canada.  Trophy informed the consumer that it did not sell products into the Canadian market.  Upon information and belief, the product was Defendants' product.

31.     In September of 2014, Trophy learned that Defendants had registered as an Exhibitor for the 2015 NCA Sweets & Snacks Expo in Chicago, Illinois to be held May 19-21, 2015.  On 23 September 2014, Trophy received a voice message from the NCA soliciting ad buys from "new" exhibitors.  Upon returning the NCA's call, Trophy learned that the NCA had mistakenly believed Trophy and Defendants were actually the same company.

32.     Trophy has participated in the NCA Sweets & Snacks Expo as an Exhibitor for more than ten years.

33.     Also in September of 2014, Trophy received a letter from OnDeck Small Business loans mistakenly soliciting business from Defendant "Trophy Foods" at Trophy's Tipp City, Ohio address.

34.     Trophy and Defendants use their respective marks in connection with identical goods, in the same channels of trade, and offer their services to the same categories of consumers.  The only difference is that Defendants historically have offered their products in Canada.  On information and belief based on recent developments, Defendants have eliminated this distinction, and in addition, Defendants have asserted that they have entered and that they intend to enter the United States market with their TROPHY brand.

35.     Defendants' TROPHY mark is identical in sound, connotation, and virtually identical in appearance, to Trophy's registered TROPHY mark.

36. Defendants' use of their TROPHY mark has *already* caused confusion among Canadian consumers as described herein despite the fact that Trophy does not sell Trophy-branded products into Canadian territory.

37. Upon information and belief, Defendants intend to Exhibit at the PLMA show in Chicago, Illinois in November of 2014 with a TROPHY-branded booth for the first time.

38. In view of the confusion that has already occurred, Defendants' use of the TROPHY mark, if permitted to expand within the United States, is likely to cause confusion, mistake, and deception as to the source or origin of Defendants' infringing goods on the one hand, and Trophy's goods on the other, and is likely to falsely suggest a sponsorship, connection, affiliation, or association between Defendants and/or their goods on the one hand and Trophy's on the other, thereby injuring Trophy and the public.

39. Defendants' activities described above are without Trophy's permission.

40. Defendants' activities described above are willful.

41. Defendants' activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm both to Trophy and consumers, who have an interest in being free from confusion, mistake, and deception.

42. Trophy has no adequate remedy at law and will be irreparably harmed if Defendant is permitted to use the TROPHY mark in the United States in connection with the sale of nuts and related snacks.

## COUNT ONE

### Federal Trademark Infringement Under
### Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)

43. Trophy repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 42 of this Complaint.

44. Trophy has invested significant effort and funds in marketing and promoting its nuts and related snacks under the TROPHY mark. As a result of substantial marketing and promotion for and the significant sales of the TROPHY nuts and snacks, consumers associate the famous TROPHY mark with a single producer or source in the Unites States. The TROPHY mark is not only inherently fanciful such that it conveys a source to consumers, but it has also acquired secondary meaning in the marketplace.

45. Defendants' infringing use of the TROPHY mark is confusingly similar to Trophy's trademark.

46. Defendants' use and threatened expansion of use in commerce of the TROPHY mark and "Trophy Foods" trade name in connection with the sale, offering for sale, distribution and advertising of nuts and snacks, is likely to cause confusion, or to cause mistake, or to deceive in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1).

47. By copying the TROPHY mark, Defendants are misrepresenting and falsely describing to the general public the origin and source of their products sold under the infringing TROPHY mark in the United States, and creating a likelihood of confusion by purchasers as to the source and sponsorship of such products.

48. As a direct and proximate result of the foregoing acts of Defendants, Trophy has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

49. Upon information and belief, Defendants' acts were in conscious and willful disregard of Trophy's rights, and the resulting damage to Trophy is such as to warrant the trebling of damages in order to provide just compensation.

<u>**COUNT TWO**</u>

<u>**Federal Trademark Infringement, False Designation of Origin,**</u>
<u>**Passing Off, and Unfair Competition**</u>
<u>**under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**</u>

50.　　Trophy repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 49 of this Complaint.

51.　　By misappropriating, using and copying the TROPHY mark, Defendants are misrepresenting and falsely describing to the general public and others the origin, sponsorship, or approval of their nuts and snacks.  Defendants' use and threatened expanded use in commerce of the TROPHY mark and "Trophy Foods" trade name in connection with its commercial activities, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Trophy, or as to the origin, sponsorship, or approval of Defendants, its products, and its commercial activities, by or with Trophy, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125 (a)(1)(A).

52.　　As a direct and proximate result of the foregoing acts of Defendants, Trophy has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

53.　　Upon information and belief, Defendants' acts were in conscious and willful disregard of Trophy's rights, and the resulting damage to Trophy is such as to warrant the trebling of damages in order to provide just compensation.

<u>**COUNT THREE**</u>

<u>**Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510**</u>

54.　　Trophy repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 53 of this Complaint.

55.     Defendants' use and threatened expanded use in commerce of the TROPHY mark and "Trophy Foods" trade name in connection with the sale, offering for sale, distribution and advertising of nuts and snacks passes off goods as those of another; causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods; causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; and/or engages in other conduct that similarly creates a likelihood of confusion or misunderstanding.  All such conduct is in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510.

56.     As a direct and proximate result of the foregoing acts of Defendants, Trophy has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

57.     Upon information and belief, Defendants' acts were in conscious and willful disregard of Trophy's rights.

**COUNT FOUR**

**Trademark Infringement and Unfair Competition under Illinois Common Law**

58.     Trophy repeats and re-alleges each and every allegation set forth in Paragraphs 1 through 57 of this Complaint.

59.     Defendants' activities described above constitute common law trademark infringement and misappropriation of the goodwill associated with Trophy's TROPHY Marks and constitute unfair competition in violation of Illinois common law.

60.     Defendants' use and threatened expansion of use in commerce of the TROPHY mark and "Trophy Foods" trade name in connection with the sale, offering for sale, distribution

and advertising of nuts and snacks, is likely to cause confusion, or to cause mistake, or to deceive consumers and the general public, to the detriment of Trophy.

## <u>REQUST FOR RELIEF</u>

Wherefore, Trophy respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award it relief including, but not limited to, the following:

A.      An Order holding that Defendants' actions described above infringe Trophy's TROPHY Marks, and that Defendants' actions constitute trademark infringement, false designation of origin, passing off, and unfair competition under federal, state, and common law as detailed above;

B.      An Order preliminarily and permanently enjoining Defendants, their employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

> i.   From using the name TROPHY or any other trademarks, trade names, logos, and other names or identifiers that are the same as or confusingly similar to the TROPHY Marks in connection with any exhibition at the Private Label Manufacturers Association trade show in Chicago, Illinois. on November 16-18, 2014 or at the NCA Sweets & Snacks Expo in Chicago, Illinois on May 19-21, 2015.

> ii.  From using TROPHY or any other trademarks, trade names, logos, and other names or identifiers that are the same as or confusingly similar to the TROPHY Marks, in any manner or form, in connection with any goods or services in the United States; and

iii. From representing or suggesting, by any means whatsoever, directly or indirectly, that Defendants, any goods or services offered by Defendants, or any activities undertaken by Defendant, are sponsored or approved by, or are associated, affiliated, or connected with Trophy in any way.

C.      An Order requiring Defendants to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques, and any other materials containing infringing marks and/or false claims in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives that are in use in the United States or which are designed to be used in the United States;

D.      An Order directing Defendants to file with this Court and serve on Trophy's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions;

E.      An Order requiring Defendants to account for and pay to Trophy any and all profits arising from or related to Defendants' unlawful acts and that such profits be increased in accordance with 15 U.S.C § 1117 and other applicable laws;

F.      An Order requiring Defendants to pay Trophy the full amount of damages caused by Defendants' unlawful acts, and that such damages be trebled in accordance with 15 U.S.C. § 1117 and other applicable laws;

G.      An Order requiring Defendants to pay Trophy its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

H.      Any other relief as the Court may deem appropriate.

## JURY DEMAND

Trophy Nut Co. hereby demands a jury trial on all of its claims.


/s/ *Richard J. O'Brien*
Richard J. O'Brien


Dated: October 9, 2013



Respectfully submitted,



OF COUNSEL:                          /s/ *Richard J. O'Brien*
                                     Richard J. O'Brien
J. Michael Hurst (OH # 0070828)      Jessica Johnson
KEATING MUETHING & KLEKAMP PLL       SIDLEY AUSTIN LLP
One East Fourth Street, Suite 1400   One South Dearborn St.
Cincinnati, Ohio 45202               Chicago, IL 60603
Tel: (513) 579-6400                  Phone: (312) 853-7000
Fax: (513) 579-6457                  Fax: (312) 853-7036
mhurst@kmklaw.com                    robrien@sidley.com
*Attorney for Plaintiff,*            jessica.johnson@sidley.com
*Trophy Nut Co.*
                                     Thomas F. Hankinson (IL Bar # 6294303)
                                     KEATING MUETHING & KLEKAMP PLL
                                     One East Fourth Street, Suite 1400
                                     Cincinnati, Ohio 45202
                                     Phone: (513) 579-6400
                                     Fax: (513) 579-6457
                                     thankinson@kmklaw.com

                                     *Attorneys for Plaintiff,*
                                     *Trophy Nut Co.*